UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA SOUZA,<br><br>        Plaintiff,<br><br>   v.<br><br>JENKINS,<br><br>        Defendant. | Case No. 18-cv-00499-JSC<br><br>**ORDER TO SHOW CAUSE; DENYING REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] She has paid the filing fee. Because the petition, when liberally construed, states a claim that may warrant federal habeas relief, Respondent is ordered to show cause why it should not be granted.

**DISCUSSION**

**I.**    <u>**Standard of Review**</u>

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). The Court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

## II. Legal Claims

Petitioner claims that she is entitled to placement in a halfway house because she has completed the Federal Bureau of Prisons Residential Drug Abuse Program ("RDAP"). The Bureau of Prisons ("BOP") is required to provide every federal prisoner with a substance abuse problem the opportunity to participate in a treatment program while in custody. *See* 18 U.S.C. § 3621(b),(e). In order to encourage prisoners to seek treatment, Congress provided that the Bureau "may" reduce, by up to one year, the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes the RDAP. *See* 18 U.S.C. § 3621(e)(2)(B). Pursuant to these provisions, the Bureau offers a 500-hour comprehensive substance abuse treatment program. *See Cort v. Crabtree*, 113 F.3d 1081, 1082 (9th Cir. 1997). The deprivation of a prisoner's right to be released, or considered for early release, pursuant to these provisions states a cognizable claim under 28 U.S.C. § 2241. *See id.* at 1082-87.

Federal courts lack jurisdiction to review BOP's individualized residential drug abuse program determinations made pursuant to 18 U.S.C. § 3621(e), such as whether to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). But federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Id*; *but cf. id.* at 1228 n.4 (inmate cannot prevail on due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit). Accordingly, the petition, when liberally construed, warrants an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the United States Attorney. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all records that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner requests judicial notice of various federal court decisions. Judicial notice is not required for those decisions to be considered. Accordingly, her request for judicial notice is DENIED as unnecessary.

**IT IS SO ORDERED.**

Dated: April 2, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA SOUZA,<br><br>    Plaintiff,<br><br>    v.<br><br>JENKINS,<br><br>    Defendant. | Case No. 18-cv-00499-JSC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on April 2, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nina Souza ID: 18932-111
Federal Correctional Institution
5701 8th Street Camp Parks
Dublin, CA 94568

Dated: April 2, 2018

                                             Susan Y. Soong
                                             Clerk, United States District Court

                                             By:_____
                                             Ada Means, Deputy Clerk to the
                                             Honorable JACQUELINE SCOTT CORLEY