UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA SOUZA,<br><br>    Plaintiff,<br><br>v.<br><br>JENKINS,<br><br>    Defendant. | Case No. 18-cv-00499-JSC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California (FCI – Dublin), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of her sentence.[1] Petitioner claims that the reduction of her pre-release placement in a Residential Reentry Center ("RRC") from one year to 120 days violated an agreement between her and the Bureau of Prisons ("BOP"). On April 2, 2018, the Court found that the petition, when liberally construed, stated a cognizable claim for relief and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer to the order to show cause, but Petitioner did not file a traverse. For the reasons discussed below, the petition is denied.

## BACKGROUND

The BOP has broad discretion under 18 U.S.C. § 3621(b) to place a prisoner in an available facility and to direct the transfer of a prisoner "at any time." *Rodriguez v. Smith*, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008). "Two statutory provisions govern the BOP's authority to

---

[1] The parties have has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 5, 8.)

place [prisoners] in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010).

When a federal prisoner approaches the end of his or her sentence, Section 3624(c) requires the BOP to decide whether the prisoner is suitable for transfer to an RRC to ease his or her transition back into a community. 18 U.S.C. § 3624(c)(6)(A); *Sacora*, 628 F.3d at 1062. Section 3624(c) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

In administering Section 3624(c), the BOP considers the five factors set forth in Section 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any relevant statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b); *Sacora*, 628 F.3d at 1067.

Petitioner is serving an 84-month sentence. She has been at FCI-Dublin since January 8, 2015, where she entered a Residential Drug Abuse Treatment Program ("RDAP"). RDAP has three phases: (1) institution-phase; (2) transition-care phase; and (3) community-based treatment phase, also known as the Transitional Drug Abuse Treatment Program ("TDATP"). Petitioner successfully completed the institution-phase of the RDAP in February 2017. Completion of the two other phases of the RDAP makes her eligible for up to one year of sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). When she was admitted to an RDAP, her projected release date was changed from January 2, 2020, to January 2, 2019, to reflect her assumed completion of the RDAP.

On January 28, 2017, the Warden at FCI – Dublin referred Petitioner for placement in an RRC before her release and recommended a 365-day placement to commence on January 3, 2018. This recommendation was routed to the Residential Reentry Management Office ("RRMO"),

whose staff members are the final decision-makers for RRC placements based upon the five factors set forth in 18 U.S.C. § 3621(b). On or about March 27, 2017, the RRMO changed the date for Petitioner's placement in an RRC in Salinas to commence on September 5, 2018. This decision was based upon the number of bed spaces available at the RRC, the number of other inmates projected to go there, and non-BOP spaces --- such as public law placements --- projected to be needed at that RRC. The RRMO determined that Petitioner's placement had to be reduced to 120 days to ensure that there were sufficient bed spaces for other incoming inmates, and that 120 days would be sufficient for Petitioner to complete the remaining two phases of the RDAP. Accordingly, assuming Petitioner completes the RDAP while at FCI-Dublin and the RRC, her release date will be January 2, 2019.

## DISCUSSION

**A.  Standard of Review**

Review of the execution of a federal sentence may be had by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). But review is limited to whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**B.  Analysis**

As explained in the order to show cause, a district court lacks jurisdiction over § 2241 habeas petitions challenging the BOP's "discretionary" placement determinations. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). However, a district court does have jurisdiction over claims that the BOP acted "contrary to established federal law, violated the Constitution, or exceeded its statutory authority" in making a placement determination. *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016).

Here, the record makes clear that the BOP's reduction of Petitioner's pre-release RRC placement was authorized under 18 U.S.C. §§ 3621(b) and 3624(c). Under both sections, the BOP must consider a facility's resources in making an individualized placement determination. *See* 18 U.S.C. § 3621(b)(1); *Sacora*, 628 F.3d at 1068. The BOP therefore properly considered whether prior commitments at the RRC required that the duration of Petitioner's RRC placement be

3

reduced. Petitioner's challenge to that decision amounts to a claim that the BOP erred in its discretionary individualized placement determination, which determination is not subject to district court review. *See Reeb*, 636 F.3d at 1227-29. Petitioner will be afforded pre-release RRC placement for 120 days in compliance with Section 3624(c), and her projected release date remains the same as it would have been if her RRC placement had not been shortened. In fact, Petitioner's projected release date of January 2, 2019, has never changed during her RRC referral and placement process. The only change has been the amount of pre-release time she will spend at an RRC. Under these circumstances, the shortening of her RRC term did not violate the BOP's statutory authority, nor is there any indication or authority that the BOP violated her constitutional rights or other federal law. *Cf. Sacora*, 628 F.3d at 1066-70 (upholding policy disfavoring RRC placement for more than 6 months because statute affords BOP option to make RRC placements for up to 12 months but does not require that placements be for longer than 6 months or for any minimum number of days); *Shopteese v. Jenkins*, No. 17-cv-07117 SK (PR) (N.D. Cal., June 27, 2018) (upholding BOP shortening of Petitioner's RRC term from 365 to 121 days).

Petitioner argues that the BOP was contractually obligated to place her in an RCC for 365 days. This argument is based upon the "community based program agreement" she signed on January 28, 2017, in which she acknowledged the conditions, rules, and requirements of an RRC. *See* Gustin Decl. Ex. 4. This agreement contains no language binding the BOP in any manner, nor did it guarantee RRC placement for any minimum period of time. In any event, a claim of breach of contract is not a reviewable claim that the BOP acted "contrary to established federal law, violated the Constitution, or exceeded its statutory authority" in making its placement determination. *Rodriguez*, 823 F.3d at 1242. Petitioner is not entitled to habeas relief under Section 2241 on her contract claim. *See Reeb*, 636 F.3d at 1227-29.

//

//

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge